UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Kaci Jo Miller, a minor, by her father and Natural guardian, John Miller, and Nancy Miller and John Miller, individually,

COURT FILE NO.: 01-1973 (RHK/AJB)

Plaintiffs,

v.

**ORDER APPROVING MINOR'S SETTLEMENT**

Craig L. Belcourt, M.D.,
Charles Eisenbeis, M.D., and
Anthony J. Giefer, M.D.,

Defendants

---

The above-entitled matter came before the undersigned, judge of the above-named court, upon Petition of Nancy Miller, as parent and natural guardian of Kaci Jo Miller, a minor.

It appearing to the court that settlement is in the best interests of the heirs and next-of-kin,

**IT IS ORDERED:**

1. That Nancy Miller, petitioner and parent and natural guardian of Kaci Jo MIller, a minor, is authorized and directed to accept the settlement proposal described in the Petition herein as and for a settlement against the defendant for claims arising out of care and treatment provided to Kaci Jo Miller by Drs. Craig Belcourt, Charles Eisenbeis and Anthony Giefer in Mankato, Minnesota and to execute all documents necessary to the final termination of said action against said defendants.

2. That this Court is of the opinion that, in addition to the lump sum payment of One Hundred Ninety Thousand and no/100 Dollars ($190,000.00), a periodic

SCANNED
JUN 2 3 2004
U.S. DISTRICT COURT ST. PAUL

payment plan is in the best interests of the minor and hereby approves those periodic payments as set forth in paragraph 4 of this Order.

3. That with regard to all amounts to be paid to or on behalf of Kaci Jo Miller under this Order, the Court acknowledges the intent of all parties hereto that the amounts paid under this Order are intended to constitute damages on account of personal physical injuries within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986 as amended (the "Code").

4. That out of the funds to be paid for the benefit of Kaci Jo MIller, Midwest Medical Insurance Company will make the following periodic payments to Kaci Jo Miller:

A. Forty Thousand and no/100 Dollars ($40,000.00) on 06/15/2014,

B. Forty Thousand and no/100 Dollars ($40,000.00) on 06/15/2016,

C. Fifty Thousand and no/100 Dollars ($50,000.00) on 06/15/2019,

D. One Hundred Fifty-three Thousand Seven Hundred Seventy and no/100 Dollars ($153,770.00) on 06/15/2024, and

E. One Hundred Fifty-three Thousand Seven Hundred Seventy and no/100 Dollars ($153,770.00) on 06/15/2029.

5. Midwest Medical Insurance Company will assign its duties and obligations to make such future payments to Prudential Settlement Service Corporation (Assignee) pursuant to a qualified assignment within the meaning of the Internal Revenue Code Section 130(C) and has complied with the provisions of Minn. Stat. § 549.30 to § 549.34. When such assignment is made, Prudential Insurance Company of America and Prudential Assigned Settlement Services Corporation, rated A+, Size XV by the A.M. Best Company, will guarantee the obligation so assigned pursuant to guarantee documents. Kaci Jo Miller accepts such assignment without right of rejection.

6. That the original annuity policy be deposited with the Clerk of Court without affecting ownership, and the policy shall be returned to the owner of the policy when:

A. The minor reaches the age of majority (June 15, 2012);

B. The terms of the policy have been fully performed; or

C. The minor dies, whichever occurs first.

7. That the person receiving periodic payments is entitled to each periodic payment only when the payment becomes due; that the person shall have no rights to the funding source; and that the person cannot designate the owner of the annuity, nor have any right to control or designate the method of investment of the funding medium.

8. From the lump sum payment of One Hundred Ninety Thousand and no/100 Dollars ($190,000.00) at the time of settlement, the following disbursements shall be made:

A. To Hallberg & McClain, P.A., the total attorneys' fees payable in the amount of One Hundred Forty Thousand and no/100 Dollars ($140,000.00);

B. To Hallberg & McClain, P.A., the total out-of-pocket costs incurred in the amount of Seventeen Thousand Thirty-three and 49/100 Dollars ($17,033.49);

C. To John Miller and Nancy Miller for expenses incurred in the amount of Four Thousand Six Hundred Thirty-five and 40/100 ($4,635.40);

D. That the sum of Twenty-eight Thousand Three Hundred Thirty-one and 11/100 Dollars ($28,331.11) will be deposited in the Hallberg & McClain trust account pending resolution of the potential subrogation claims with Connecticut General (CIGNA Health Care) and the State of Minnesota Department of Human Services.

E. That the balance remaining after payment of the subrogation claims shall be deposited at Bremer Bank, 360 Cedar Street, St. Paul, MN 55102 for the benefit of Kaci Jo Miller, a minor, with the following provisions:

(1) That the account shall be opened in the name of the minor and that any deposit document be issued in the name of the minor.

(2) That Petitioner shall, at the time of depositing, supply the financial institution with a tax identification number or a social security number for the minor and a copy of the Order approving settlement.

(3) That the financial institution shall forthwith acknowledge to the Court receipt of the Order approving settlement in the sum and that no disbursement of the funds will occur unless the Court so orders, using the form substantially equivalent to Form 145.1.

(4) That Petitioner and/or his attorneys, Mackenzie & Hallberg, P.A. be authorized to withdraw the passbooks, certificate of deposit or other evidence of deposit for the sole purpose of transferring said funds to a higher interest-bearing account within the depository above-named without further Order of this Court and on each occasion, the evidence of deposit shall be returned to the Court Administrator for safekeeping.

(5) That a copy of the Court's Order shall be delivered to said financial institution by the Petitioner with the remittance for deposit. That the financial institution and the type of investment therein shall be as specified in Minn. Stat. § 540.08, as amended. Two or more institutions shall be used if necessary to have full Federal Deposit Insurance coverage of the proceeds plus future interest; and time deposits shall be established with a maturity date on or before the minor's age of majority. If automatically renewing instruments of deposit are used, the final period shall be limited to the date of the age of majority.

(6) That the Petitioner shall be ordered to file or cause to be filed timely state and federal income tax returns on behalf of the minor.

DATED June 22, 2004

BY THE COURT:

Magistrate Judge Arthur J. Boylan
United States District Court
District of Minnesota